Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RUBY NOBLE,<br><br>        Plaintiff,<br><br>    vs.<br><br>KBC MANAGEMENT INC., an Oregon corporation, dba HOLLADAY COURT APARTMENTS,<br><br>        Defendant. | Case no.<br><br>COMPLAINT FOR DAMAGES<br><br>Statutory Violation of Federal Fair Housing Act [42 U.S.C. Section 3601 et. seq.]; Preliminary and Permanent Injunction<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.    This is a civil action brought under federal question jurisdiction to vindicate plaintiff's rights and to make plaintiff whole. Plaintiff is a private individual and a person with a disability who owns an Emotional Support Animal ("ESA"). Defendant is a private corporation operating in Oregon, along with its agents, which has committed federal statutory violations against plaintiff involving

COMPLAINT FOR DAMAGES - 1

acts of wrongful discrimination against plaintiff on the basis of her handicap, specifically by imposing unreasonable and disruptive limitations on her use, access, entitlement to, and enjoyment of, her emotional support animal, acts which altogether have substantially and adversely affected plaintiff's legal rights and economic interests.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331, based on the action as being one arising under federal statute, specifically 42 U.S.C. Section 3601 et. seq., the Federal Fair Housing Act, all as more specifically alleged below.

3.      The acts and transactions at issue here all occurred within Multnomah County, Oregon, such that venue for this action is appropriate in the Portland division of the federal district court for the District of Oregon.

## PARTIES

4.      Plaintiff Ruby Noble (hereinafter "Ms. Noble" or "plaintiff") is, and at all times herein was, a private individual residing in Oregon and the resident of a "dwelling" as defined under 42 U.S.C. Section 3602(b). Plaintiff also has a "handicap" as that term is defined under 42 U.S.C. Section 3602(h).

COMPLAINT FOR DAMAGES - 2

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

5.    Defendant KBC Management Inc., dba "Holladay Court Apartments" (hereinafter "KBC" or "defendant") is, and at all times herein was, a corporation incorporated in the state of Oregon and one maintaining places of business around the state including within Multnomah County, Oregon. Defendant, along with its agents, subsidiaries, intermediary corporations, and dbas such as Holladay Court Apartments, is in the business of renting and selling dwellings in the form of residential apartment and houses for profit in and around Oregon, including in Multnomah County. In renting dwellings, defendant is, and at all times herein was, a "person" as defined under 42 U.S.C. 3602(d).

GENERAL ALLEGATIONS

6.    As of May of 2025, plaintiff became, and since then has been, the sole owner of a female domestic short-haired cat named "Lunar" (hereinafter "the cat"), her emotional support animal ("ESA") as specifically prescribed her for that purpose by her personal physician.

7.    On June 18, 2025, plaintiff began a tenancy at defendant's residential apartment complex in NE Portland pursuant to a written lease agreement drafted by defendant and entitled "KBC Management Rental Agreement" (hereinafter "the lease agreement").

COMPLAINT FOR DAMAGES - 3

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

8.    A month and a half after her tenancy started, on August 3, 2025, Plaintiff executed a new document which defendant presented her with entitled "ASSISTANCE/COMPANION ANIMAL AGREEMENT" (hereinafter "the ESA agreement"). Section 1.2 of the ESA agreement specifically read in full as follows:

"This is a month-to-month Agreement that begins on 08/03/2025.

Landlord has granted Tenant's request for an aid/assistance/companion animal. Tenant agrees to the following:
1. Only the above indicated assistance animal will reside in the unit.
2. No breeding of any assistance animal is allowed.
3. The assistance animal must be properly licensed and vaccinations must be current as required by regulations at all times.
4. No assistance animal with a history of aggressive or threatening behavior will be allowed.
5. The assistance animal must be in Tenant's control when outside the unit.
6. The assistance animal will not be allowed to make noise or engage in threatening behavior which disturbs other Tenants.
7. The assistance animal may not use the Rental Property for waste.
8. Tenant will notify Landlord immediately of any property damage or personal injury caused by the assistance animal.
9. Tenant will be held fully responsible for any damage caused by the assistance animal, and will pay for damage promptly.
10. Any change in assistance animal will require a new Agreement.
11. Tenant, all guests and invitees shall indemnify, defend and hold Owner, Owner's Agents and employees harmless from and against actions, suites, claims and demands (including legal fees, costs, and expenses) arising from damage or injury to property or persons by any assistance animal owned, housed, or kept by Tenant, his/her guests or invitees.

• No additional fee, deposit or insurance will be required relating to the assistance animal."

COMPLAINT FOR DAMAGES - 4

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

9. Plaintiff has complied in full with all provisions of the ESA agreement, including that Plaintiff's cat is and has been properly licensed in Multnomah County; is and has been properly vaccinated; is and has been microchipped; has never had any history of aggressive or threatening behavior; does not now and never has made noise or engaged in threatening behavior which disturbs other tenants; wears an AirTag with a breakaway collar installed with a bell; has been trained to respond, and does respond, to plaintiff's voice commands; and is and always has been in plaintiff's control when outside her apartment unit.

10. Defendant confirmed that plaintiff's cat was in compliance, and on May 6, 2026, defendant's property manager sent an e-mail to plaintiff admitting that he didn't "have any issue with Lunar roaming freely around the property", noting that "animals are required to be under your control when outside of the unit", but acknowledging that it was sufficient that plaintiff "have a collar and a bell on Lunar".

11. That same date, plaintiff responded to the property manager via e-mail and confirmed that "Lunar has been wearing a breakaway collar with a bell, and I'll continue to keep an eye on her when she's outside".

12. In spite of that exchange, and in spite of plaintiff's explicit compliance with all terms and conditions of the lease agreement, including all of

COMPLAINT FOR DAMAGES - 5

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Section 7.2, on June 25, 2026, defendant's "Assistant Portfolio Manager" nevertheless issued a "for-cause termination notice" to plaintiff.

13.    The notice threatened to evict plaintiff from her premises and terminate her lease as of July 16, 2026, unless plaintiff complied with defendant's new demand, not written or specified in the lease agreement or in the ESA agreement, that plaintiff now "keep the animal on a leash at all times", with the phrase "the animal" referring to Plaintiff's ESA cat.

14.    Keeping her ESA cat on "a leash at all times" is not only an artificial condition manufactured *sui generis* by defendant that is not anywhere in the lease agreement or the ESA agreement, but is in fact a condition which would materially compromise and fundamentally destroy the actual use of, access to, enjoyment of, and value of the ESA cat to plaintiff in assisting her with her handicap.

15.    Since June 25, 2026, defendant, either directly or indirectly, has therefore been engaging in discrimination against plaintiff, and its policies and practices as implemented, interpreted, utilized, and/or administered have disproportionately impacted a particular group, handicapped individuals, of which plaintiff is a member, with the result that it has been violating federal laws prohibiting such discrimination, all to plaintiff's detriment and to the detriment of the housing industry itself and its participants.

COMPLAINT FOR DAMAGES - 6

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

16.    At all relevant times hereto, defendant either employed, supervised, oversaw, or authorized KBC's "Assistant Portfolio Manager" in their operations, decisions, and actions, and/or acted as the principal with the "Assistant Portfolio Manager" as its agent.

17.    In those respects, the owners, managers, and employees of KBC were acting within the scope of their employment or agency by the actions of the "Assistant Portfolio Manager" at all times relevant hereto.

18.    The "Assistant Portfolio Manager's" actions occurred substantially within the time and space limits authorized by defendant's employment or retention of her, were of a kind which she had been hired or maintained to perform by defendant, and in so acting, was motivated by a purpose to serve defendant. As the employer or principal, defendant is liable for its employees' or agents' conduct in circumstances where the employee or agent acts within the scope of employment or retention.

19.    As a result of all of the acts as alleged above, plaintiff has suffered damages as more specifically set forth in the prayer below.

FIRST CLAIM FOR RELIEF
STATUTORY VIOLATION OF FEDERAL FAIR HOUSING ACT
(42 U.S.C. Section 3601 et. seq.)

20.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-19, inclusive, as set forth above.

COMPLAINT FOR DAMAGES - 7

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

21.    Under 42 U.S.C. Section 3604(c), it is unlawful for a person "To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination."

22.    Under 42 U.S.C. Section 3604(f)(2), it is unlawful for a person to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—

(A) that person; or

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available".

23.    Pursuant to 42 U.S.C. Section 3613(a), plaintiff, as an aggrieved person and a person injured in her business or property by reason of those actions, and by reason of matters forbidden in general in the civil rights laws, is entitled to a private right of action.

24.    At all relevant times hereto, defendant or its agents acted with discriminatory intent during the events at issue, defendant's policies and practices disproportionately impacted a particular group, plaintiff's rights were protected

COMPLAINT FOR DAMAGES - 8

under 42 U.S.C. Section 3604(b), and as a result of defendant's discriminatory conduct, plaintiff suffered a distinct and palpable injury.

25.  As defendant's duty to obey laws relating to discrimination is non-delegable under federal law, any discriminatory conduct on part of the "Assistant Portfolio Manager" is thus to be attributable to defendant.

26.  In engaging in the acts alleged above, defendant in fact impaired plaintiff's constitutional and statutory rights under federal law, and as a result of defendant's conduct, plaintiff has been harmed in the manner as stated more specifically below.

## SECOND CLAIM FOR RELIEF
## PRELIMINARY AND PERMANENT INJUNCTION

27.  Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-19, inclusive, as set forth above.

28.  Because plaintiff currently leases a residential unit on defendant's property and remains subject to defendant's discriminatory policies and practices as implemented, interpreted, utilized, and/or administered, then not only has defendant committed unlawful and invalid acts as described above, but defendant continues to commit or allow unlawful and invalid acts as described above to occur with respect to plaintiff in the present and into the foreseeable future.

COMPLAINT FOR DAMAGES - 9

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

29.    On account of such unlawful and invalid acts by defendant, plaintiff has suffered personally and financially. Should defendant remain able to continue its misconduct, the damage to plaintiff will both continue and escalate.

30.    Plaintiff seeks an order in equity granting her relief from such misconduct in a manner more specifically stated in the prayer below.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.    For actual and punitive damages pursuant to 42 U.S.C. Section 3613(c)(1);

2.    For costs and reasonable attorney fees pursuant to 42 U.S.C. Section 3613(c)(2);

3.    For injunctive relief pursuant to 42 U.S.C. Section 3613(c)(1);

4.    For such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS ACTION.

DATED: June ___26___, 2026                GEORDIE DUCKLER, P.C.


By: _____
Geordie Duckler, OSB #873780
Attorney for Plaintiff RUBY NOBLE


Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 10