W. Gregory Lockwood, OSB No. 114415
Email: wglockwood@grsm.com
Direct Dial: (503) 382-8855
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Fax: (503) 616-3600
*Attorneys for Defendant KBC Management, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| Ruby Noble,<br><br>                    Plaintiff,<br><br>     v.<br><br>KBC Management, Inc., an Oregon Corporation, dba Holladay Court Apartments,<br><br>                    Defendant. | Case No. 3:26-cv-01301-AB<br><br>**KBC'S OPPOSITION TO THE MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Ruby Noble's motion for a temporary restraining order ("Motion") fails to meet any of elements to allow emergency injunctive relief. Rather than seeking protection, Plaintiff asks this Court to allow her to violate her lease and her emotional support animal ("ESA") agreement with impunity and to allow her cat to continue disrupt her neighbors and cause harm to the property. The Court should not allow Plaintiff an extraordinary remedy when the way for her to avoid eviction is plain, simple, reasonable, and fully in her control: prevent her cat from roaming

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
 Facsimile: (503) 616-3600

the property without her. For these reasons and the reasons stated herein, Plaintiff's motion should be denied.

## I.    Facts

On or around June 2025, Plaintiff moved into the Holladay Court Apartments. Decl. Levin at ¶ 4. By this time, she already had her pet cat, Lunar. Compl. at ¶ 6.

On August 3, 2025, Plaintiff claims to have received an ESA letter purporting to be from Kyamarye Miller, LCSW. Decl. Levin, Ex. A. Plaintiff provided this letter to KBC, which accepted it. The ESA letter provides that Plaintiff needs the animal for companionship. Specifically, it states:

> Lunar motivates you to get out of bed and complete daily household and self-care task which helps to reduce your depressive symptoms. Lunar provides comfort and support when you are feeling down and anxious by cuddling with you which helps to improve your symptoms of anxiety. Lunar sleeps with you which comforts you and helps to improve your sleep quality. *Id*.

Nothing in the ESA letter requires Lunar to roam free. To the contrary, Lunar is supposed to be kept close where its impacts could be felt by Plaintiff.

The ESA letter even notes that Plaintiff is responsible for Lunar's "training, safety, cleanliness, health, and conduct of their animal at all times." *Id*. Plaintiff certified that Lunar had been "properly trained and socialized as to be safe around other people and animals. *Id*. There is currently no evidence that Lunar received any third-party training nor that Plaintiff was qualified to train Lunar. Decl. Levin at ¶ 8.

Around the same time, Plaintiff signed Holladay Court's ESA agreement. In pertinent part, that agreement provides that:

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

5. The *assistance animal must be in Tenant's control when outside the unit*.
6. The assistance animal will not be allowed to make noise or engage in threatening behavior which disturbs other Tenants.
7. *The assistance animal may not use the Rental Property for waste*.
Decl. Levin, Ex. B (emphasis added).

From the beginning, and despite the representations made to Ms. Miller and KBC, Plaintiff was aware of both the problem and the solution related to this case. On the same day that she executed the ESA Agreement, Plaintiff told KBC that Lunar "started running out the door and trying to take herself on walks *without a leash*." Decl. Levin, Ex. C at 13 (emphasis added).

From the beginning, there have been issues with Lunar roaming freely without Plaintiff around the Holladay Court Apartments. In a May 2, 2026, email, another tenant reported that Lunar had been "roaming, seen using the alcove as a litter box (third video), attacking birds, and almost getting eaten herself" by a coyote. Decl. Levin, Ex. D at 5. KBC tried to correct this issue informally with Plaintiff by asking her to make sure to control her ESA when it was out of her unit. Decl. Levin at ¶ 13. However, the issues persisted. On June 22, 2026, a tenant reported that:

> • *Lunar frequently enters and remains in our backyard and porch area*.
> • Lunar has occasionally *used the alcove area as a litter box*.
> • Lunar hides under our porch and waits for birds to gather nearby.
> • The repeated presence of the cat has become a nuisance and an invasion of our outdoor living space.
> • Our understanding is that animals at Holladay are not permitted to roam unleashed.
> • *Lunar is often left outside while the tenant's door is closed, sometimes for extended periods, including overnight*. Decl. Levin, Ex. D at 4.

After further counseling Plaintiff, that same tenant repeated his concerns about Lunar freely roaming the property on June 24, 2026. *Id.* at 3.

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

By permitting these repeated issues, Plaintiff violated the ESA Agreement by not controlling the ESA outside the unit and by using the property for its waste. *Id.* at 3-4 (emphasis added). Moreover, as Lunar is often not with Plaintiff, these repeated issues show that Lunar is not being used for the purposes reflected in the ESA letter, i.e. support, companionship, cuddling, and a sleep aid. Decl. Levin, Ex. A.

After these repeated efforts to encourage Plaintiff to comply with the ESA Agreement, on June 25, 2026, KBC sent a for cause termination notice. Decl. Levin, Ex. E at 2. However, to cure the issue, Plaintiff only needed to agree to abide by the ESA agreement by having Lunar "under your direct control while outside the unit by keeping the animal on a leash at all times." *Id.* Given Plaintiff's prior agreement to control Lunar and her acknowledgment that the cat could be on a leash, this is a reasonable and appropriate request, which does not interfere with Plaintiff's use of the ESA as contemplated in her ESA letter.

Plaintiff is still within her cure period. If she agrees to abide by the ESA agreement and control her ESA, then no eviction will take place. Decl. Levin at ¶ 18. To date, no eviction action has been filed. *Id.* at ¶ 19.

## II.     Legal Standard

A temporary restraining order is an extraordinary provisional remedy. The standards for granting a TRO and a preliminary injunction are "'substantially identical.'" *See Reed v. Nev. Dep't of Corr.*, 691 F. App'x 843, 844 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). In the Ninth Circuit, a "plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is

KBC'S OPPOSITION TO THE MOTION FOR
TEMPORARY RESTRAINING ORDER
Page 4 of 10

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008) (numbering added); *accord, e.g.*, *HiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019).

### III. Argument

#### a. Plaintiff will fail on the merits.

Likelihood to succeed on the merits "is a threshold inquiry and is the most important factor…. a court need not consider the other factors if a movant fails to show a likelihood of success on the merits." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotations and citations omitted). The evidence shows that KBC accepted Plaintiff's ESA letter and has allowed the ESA to live in the apartment without a charge. The evidence also shows that Plaintiff has repeatedly violated the ESA agreement and lease by failing to control her ESA, including but not limited to allowing it to defecate on another tenants' property. Decl. Levin, Ex. D at 3. Defendants' notice was not discriminatory nor a violation of any part of the Fair Housing Act ("FHA"). Instead, it intended to put Plaintiff on formal notice of an actual breach of the ESA Agreement and Lease, the harm to her neighbors, and gave her the opportunity to cure it by controlling her ESA. Again, Plaintiff's control over her ESA is a condition of the ESA Agreement and an assumption made in the ESA letter. Having a disability does not give somebody the right to avoid their contractual responsibilities nor harm the rights of others. Plaintiff's claims should fail.

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

While KBC accepted her condition and allowed her ESA based on the ESA letter, that letter is suspicious for a number of reasons. First, a nearly identical letter can be procured online.[1] Second, Ms. Miller's address on the letter is not associated with her on either the Oregon LCSW licensee search website,[2] her personal website,[3] or a Google search for her or the address. Likewise, a search of her name and business on Oregon's Secretary of State Website reveals that she has no registered business.[4] The right to use an ESA is frequently abused in order to get a pet into a pet-free building and to avoid the additional cost of a pet fee. For these reasons, and others revealed in the investigation of the Motion, KBC questions the legitimacy of the letter and believes they may have been defrauded. KBC reserves the right to assert counterclaims.

**b. Plaintiff will not suffer irreparable harm by having to abide by her previous agreement.**

Harm is irreparable when "'remedies available at law, such as monetary damages, are *inadequate to compensate*' for the injury[.]" *Herb Reed Enter., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (emphasis added; quoting trial court). "'[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make the damages *difficult to calculat*e.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511

---

[1] *See* https://www.scribd.com/document/900480351/Esa (last accessed July 15, 2026).

[2] Her listed address with Oregon's Board of Licensed Social Workers is K.Miller, PLLC, 5900 Balcones Drive, Suite 100, Austin, 78731. *See* https://blsw.us.thentiacloud.net/webs/blsw/register/#/profile/kyamarye%20miller/0/10/63856322fee7345ff6da7fa7/false (last accessed July 15, 2026).

[3] She lists no address on her website. https://www.kmillerpllc.com/ (last accessed July 15, 2026).

[4] *See* Oregon Secretary of State, Corporation Division, Associated Business Search, https://egov.sos.state.or.us/br/pkg_br_web_assoc_name_srch.do_name_srch?p_first_name=KYAMARYE&p_last_name=MILLER&p_middle_name=&p_name_suffix=&p_srch=ALL&p_act=ACTINA&p_print=FALSE (last accessed July 15, 2026).

---

**GORDON REES SCULLY MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

F.3d 535, 550 (6th Cir. 2007) (quoting *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992)). When considering whether an injury is "irreparable," the inquiry "focuses on irreparability, 'irrespective of the magnitude of the injury.'" *California v. Azar*, 911 F3d 558, 581 (9th Cir. 2018) (quoting *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999)).

At bottom, Plaintiff suffers no harm by controlling her cat (as she previously agreed she would). Indeed, it prevents harm to her neighbors who have suffered harm from her failure to control it.

The ESA letter contemplates that Plaintiff will be with and control her cat. Plaintiff's proposed injunction asks the Court to fundamentally change that agreement and allow her to breach the ESA Agreement and openly harm her neighbor's interests. Denying the motion only requires her to abide by the agreement and allows her to be accountable for breaches.

Because the harm plaintiff would suffer is not irreparable, the Motion should be denied.

### c.  The balance of equities favors allowing enforcement of the ESA Agreement.

In the Ninth Circuit, the Court should "balance the interests of all parties and weigh the damage to each." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980)). Here, the equities that the Court must balance are whether Plaintiff should be able to breach her lease in a way that harms and bothers other residents versus having Plaintiff comply with the ESA agreement and control her ESA. Here, the balance weighs heavily in favor of not abrogating a reasonable and enforceable contract, especially where the burden of controlling the ESA is minimal and generally expected among animal owners.

KBC'S OPPOSITION TO THE MOTION FOR
TEMPORARY RESTRAINING ORDER
Page 7 of 10

GORDON REES SCULLY
MANSUKHANI
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**d. The injunction is not in the public interest.**

In the Ninth Circuit, "[t]he public interest analysis for the issuance of a preliminary injunction requires [the court] to consider 'whether there exists some critical *public interest that would be injured* by the grant of preliminary relief.'" *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 659 (9th Cir. 2009) (*vacated on other grounds, Douglas v. Independent Living Ctr. Of So. Cal.*, 565 U.S. 606 (2012)) (emphasis added). In other words, the public interest test looks outwards, beyond the parties, to see if some other harm will occur to a public interest.

Here, granting a temporary restraining order would not only harm the interests of the other residents at Holladay Court, but also impair KBC's contract rights and rights under Oregon law to enforce violations of the lease. On balance, the equities weigh in favor of denial.

**IV.    Conclusion**

Plaintiff agreed to control her ESA; she has not. She should not be able to avoid the consequences of her failures and harm the interests of others based on her failure to abide by a clear, simple, and reasonable contract. This is especially true because the solution to her problems is to simply do what she has already repeatedly promised to do: control her ESA. Plaintiff can do so by keeping her ESA in her unit, where it has free reign, or if she wants to take it out of her unit keep it under control in a carrier or on a leash. What is not acceptable is for her ESA to continue to roam freely, in violation of the ESA Agreement and the lease, and harm the rights of other tenants. This Court should not entertain that option and should deny the Motion.

KBC'S OPPOSITION TO THE MOTION FOR
TEMPORARY RESTRAINING ORDER
Page 8 of 10

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Dated:  July 16, 2026                                    GORDON REES SCULLY MANSUKHANI, LLP

                                                         By:  _s/ W. Greg Lockwood_____
                                                              W. Gregory Lockwood, OSB No. 114415
                                                              wglockwood@grsm.com
                                                              *Attorney for Defendant*
                                                              *KBC Management, Inc.*

**GORDON REES SCULLY MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2026, a true and correct copy of the foregoing document was filed with the Court through the CM/ECF system and sent electronically to all registered participants as identified on the Notice of Electronic Filing.

By:  *s/ W. Greg Lockwood*
W. Gregory Lockwood, OSB No. 114415

KBC'S OPPOSITION TO THE MOTION FOR
TEMPORARY RESTRAINING ORDER
Page 10 of 10

**GORDON REES SCULLY
MANSUKHANI**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600