Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RUBY NOBLE, <br><br> Plaintiff, <br><br> vs. <br><br> KBC MANAGEMENT INC., an Oregon corporation, dba HOLLADAY COURT APARTMENTS, <br><br> Defendant. | Case no. 3:26-cv-01301-AB <br><br> PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO THE MOTION FOR TEMPORARY RESTRAINING ORDER" |

Plaintiff, by and through counsel, hereby replies to defendant's opposition to the pending petition for a temporary restraining order to issue in this case under Fed. R. Civ. Pro. 65(b)(1), as follows.

Unhelpfully, defendant's Opposition, Etc. expends nearly all its energy trying to use a TRO proceeding as a way of jumping straight to the merits of a case which is not even past the pleading stage, much less at trial. Defendant uses every

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 1

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

tactic possible to persuade this Court to simply just "pick a winner" in the dispute right off the bat, including:

a. Baseless accusations of misconduct used to distract from the actual issue at hand ("KBC questions the legitimacy of the letter and believes they may have been defrauded. KBC reserves the right to assert counterclaims." Opposition, Etc. at pg. 6);

b. Rhetoric and exaggeration to suggest that the Court form a preference for one of the parties over the other ("She should not be able to avoid the consequences of her failures and harm the interests of others based on her failure to abide by a clear, simple, and reasonable contract." Opposition, Etc. at pg. 8);

c. Personal accusations bordering on offensiveness ("Having a disability does not give somebody the right to avoid their contractual responsibilities nor harm the rights of others" Opposition, Etc. at pg. 5);

d. Pure speculation and personal opinion ("While the ESA letter suggested that Lunar was trained, we have no evidence that is true. Indeed, its behavior suggested it was not." Declaration of Karen Levin In Support, Etc. at pg. 2); and,

e. Inadmissible hearsay ("A true and correct copy of email communications from one of our tenants regarding Lunar's intrusion onto his property is attached as Exhibit D" Declaration of Karen Levin In Support, Etc. at pg. 2).

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 2

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Plaintiff beseeches this Court to resist being influenced by defendant's distractions and to instead simply address at this initial stage what only needs to be addressed: the basic question of whether a relatively modest and temporary remedy is appropriate to grant in these specific factual circumstances.

This Court does not need to find in favor of plaintiff on her claims, as if it were now trial where she has the burden of proof and where a fact-finder is now weighing all the evidence – to the contrary, it simply needs to thoughtfully examine the classic four factors for injunctive relief: (1) the substantial *likelihood* that plaintiff will prevail on the merits, (2) the substantial *threat* that plaintiff will suffer irreparable injury if the injunction is not granted, (3) if the threatened injury to plaintiff *outweighs* the threatened harm which the injunction may do to the defendant, and (4) if granting the preliminary injunction will not *disserve* the public interest. See, e.g., Johnson v. United States Dep't of Agric., 734 F.2d 774, 775 (11th Cir. 1984).

As to the likelihood of plaintiff prevailing, the parties' contract and the rules governing their relationship is instructive here. The parties' lease agreement clearly does not require that plaintiff's ESA cat be kept on a leash. The parties' ESA agreement as part of that lease clearly does not require so either. The FHA itself does not require so either, nor does any federal statute or regulation. Indeed, no state statute, county code, or city ordinance even require anything of the sort.

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 3

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Yet defendant nevertheless has unilaterally selected to alter the lease contract and impose a unique requirement on plaintiff anyway – keeping her cat "on a leash at all times" – a harsh and unnecessary stricture not contained in any contract, law, or rule anywhere. Critically, this bizarre term arrives on the very heels of defendant's own e-mail previously admitting to plaintiff that it didn't "have any issue with Lunar roaming freely around the property" and that "a collar and a bell on Lunar" was sufficient. Defendant's inconsistent actions reveal defendant's discriminatory intent and buttress plaintiff's discrimination claim.

Discrimination under the FHA includes any refusal to make reasonable accommodations in a defendant's rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. See § 3604(f)(3)(B). To determine whether any particular accommodation is "reasonable," the district courts consider whether the requested accommodation is (1) reasonable and (2) necessary to (3) afford handicapped persons an equal opportunity to use and enjoy housing. Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 99 (3d Cir. 2017) (involving claims of a defendant's unreasonable refusal to provide the plaintiff reasonable accommodation under the FHA for plaintiff's emotional support animal). A "cat on a leash at all times" is simply not a reasonable accommodation by any stretch of the imagination; plaintiff's discrimination claim is therefore at the very least "likely" to succeed.

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 4

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

See, e.g., Frishberg v. Univ. of S. Fla. Bd. of Trs., No. 24-11175, 2025 U.S. App. LEXIS 23812 (11th Cir. 2025) (FHA claim presented where defendant school allowed disabled plaintiff to live with an emotional support cat but then prohibited him from bringing it into the dorm's common areas, terminated his housing contract, and punished him for "violating school rules").

As to threat of injury, the June 25, 2026 "for-cause termination notice" by defendant's "Assistant Portfolio Manager" declaring that "*Because of these violations, we are terminating your tenancy at the above-captioned address as of 11:59 pm on July 30, 2026…*" is as direct a threat to a tenant who has done nothing wrong as a landlord can possibly make. See, Johnson v. United States Dep't of Agric., 734 F.2d 774, 789 (11th Cir. 1984) ("irreparable injury is suffered when one is wrongfully ejected from his home").

As to the injury to plaintiff outweighing any harm to defendant, consider the real balance to be struck. Granting the petition: A tenant continues residing in her home along with her harmless cat, a landlord continues receiving rent without exposing any tenant to any harm, and a full hearing is held in less than two weeks. Denying the petition: A tenant is evicted, a landlord loses rent, and both wait months for a trial. In essence, temporarily maintaining the status quo of residency causes less harm then enabling a landlord to use an artificial and manufactured non-consensual condition to evict an innocent tenant.

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 5

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Finally, as to not disserving the public interest, the FHA creates a statutory entitlement and a property interest protected by the due process clause of the Fifth Amendment, U.S. Const. amend. V. See, Goldberg v. Kelly, 397 U.S. 254, 262, 90 S. Ct. 1011, 1017, 25 L. Ed. 2d 287 (1970). More specifically, the FHA was enacted to eradicate discriminatory practices within a sector of our nation's economy and was specifically extended in 1988 to protect against discrimination on the basis of disability as a clear pronouncement of a national commitment to end the unnecessary exclusion of persons with handicaps from the American mainstream. The United States Supreme Court has held that when construing the FHA, the district courts are to give a generous construction to the statute's broad and inclusive language. See, Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 99 (3d Cir. 2017) (involving an unreasonable refusal by defendant to accommodate a plaintiff's emotional support dog).

The 9th Circuit has held that the term "interference" is not defined by the FHA or the implementing regulation, 24 C.F.R. § 100.400 (2016) and must therefore be understood by its ordinary meaning and broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws. Walker v. City of Lakewood, 272 F.3d 1114, 1129 (9th Cir. 2001); 42 U.S.C.S. § 3631.

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO THE MOTION FOR TEMPORARY RESTRAINING ORDER"- 6

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Interference under 42 U.S.C.S. § 3617 may consist of harassment, provided that it is sufficiently severe or pervasive as to create a hostile environment. Harassment that intrudes upon the well-being, tranquility, and privacy of one's residence is considered particularly invasive. Frisby v. Schultz, 487 U.S. 474, 485, 108 S. Ct. 2495, 101 L. Ed. 2d 420 (1988).

Plaintiff's discrimination claims here strike right to the very heart of what the FHA broadly protects, and put in plain focus this defendant's inexcusable acts of changing contracts, making baseless demands on tenants, and making up a type of restriction which would interfere with any disabled tenant's well-being, tranquility, and privacy in and around their own residence. Far from *disserving* the public interest, granting this TRO will *protect* the strong public interest that the FHA and the cases interpreting its application to emotional support animals exemplify.

Under all the factors placed in consideration, and in light of the *acceptable* arguments to be made and applied in its support, plaintiff's motion should be granted.

DATED: July 20 , 2026

GEORDIE DUCKLER, P.C.

By: _____
Geordie Duckler, OSB #873780
Attorney for Plaintiff RUBY NOBLE

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com
Attorney for Plaintiff

PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO
THE MOTION FOR TEMPORARY RESTRAINING
ORDER"- 8

Geordie Duckler, P.C.
831 SW Hume St.
Portland, OR 97219
Telephone: (503) 546-8052
geordied@animallawpractice.com

## CERTIFICATE OF SERVICE

I certify that on the 20ᵗʰ day of July, 2026, I served a true and correct copy of PLAINTIFF'S REPLY TO "KBC'S OPPOSITION TO THE MOTION FOR TEMPORARY RESTRAINING ORDER" on:

W. Gregory Lockwood
GORDON REES SCULLY MANSUKHANI
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
wglockwood@grsm.com

By the method indicated below:

☒ U.S. Mail

☐ Hand Delivery

☒ E-mail at wglockwood@grsm.com

DATED this 20ᵗʰ day of July, 2026

GEORDIE DUCKLER, P.C.

By: _____
Geordie Duckler, OSB No. 873780
Attorney for Plaintiff

PAGE 1 - CERTIFICATE OF SERVICE