IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUBY NOBLE,

        Plaintiff,

      v.

KBC MANAGEMENT INC., an Oregon
corporation, dba HOLLADAY COURT
APARTMENTS,

        Defendants.

Case No. 3:26-cv-01301-AB

ORDER

**BAGGIO, District Judge:**

On June 26, 2026, Plaintiff Ruby Noble brought this action against Defendant KBC Management alleging a violation of the Fair Housing Act, 42 U.S.C. §§ 3601–3619. Compl. ¶¶ 20–26, ECF No. 1. On July 3, 2026, Plaintiff moved for a Temporary Restraining Order ("TRO"). Pl.'s Mot. TRO, ECF No. 4. On July 8, 2026, the Court found Plaintiff did not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

1 – ORDER

adverse party can be heard in opposition[,]" Fed. R. Civ. P. 65(b)(1)(A), and thus set a briefing schedule, Order, ECF No. 7. The Motion is now fully briefed, and for the reasons below, the Court denies Plaintiff's Motion for TRO.

## STANDARDS

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders. Fed. R. Civ. P. 65(b). The legal standards applicable to TROs and preliminary injunctions are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20.

## DISCUSSION

Plaintiff lives in one of Defendant's rental units with her emotional support animal ("ESA"), a cat named Lunar. Noble Decl. ¶ 3, ECF No. 5. In response to neighbors complaining about Lunar entering their backyards and urinating/defecating in outdoor areas, Def.'s Opp'n 3, ECF No. 13 (citing Levin Decl. Ex. D, ECF No. 14),[1] Defendant mandated that Plaintiff place Lunar on a leash when outside. Noble Decl. Ex. A, at 1–2. If Plaintiff failed to do so, Defendant threatened to pursue eviction on July 30, 2026. *Id.* Plaintiff moves to restrain Defendant from "[e]victing or removing [Plaintiff] and her ESA cat . . . ." Pl.'s Mot. TRO 3. Plaintiff argues that

---

[1] Because Exhibit A of Karen Levin's Declaration includes Plaintiff's date of birth, the Court seals ECF No. 14 pursuant to Federal Rule of Civil Procedure 5.2(a)(2). Defendant is advised to be vigilant about the inclusion of sensitive information in public court filings.

2 – ORDER

neither the lease agreement nor any statute requires the leashing of Lunar and that the leash requirement "is simply not a reasonable accommodation . . . ." Pl.'s Reply 4, ECF No. 16.

The Fair Housing Act provides that it is unlawful to "discriminate against any person . . . in the provision of services or facilities in connection with [a] dwelling, because of a handicap . . . ." 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(B). The elements of a § 3604(f)(3)(B) claim are:

> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation [in rules, policies, practices, or services] of the handicap may be necessary to afford the handicapped person an equal opportunity [i.e., equal to a non-handicapped person] to use and enjoy the dwelling; (4) that the accommodation [in rules, policies, practices, or services] is reasonable; and (5) that defendant refused to make the requested accommodation.

*Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1190 (9th Cir. 2021) (quoting *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006)).

Here, the Court finds that Plaintiff has not shown a likelihood of success on the merits because she has not shown elements (3) or (4). On the third element, Plaintiff has not shown the requested accommodation—that Lunar be allowed free range without a leash or other means of control—is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling. On the fourth element, Plaintiff has not shown that the requested accommodation is reasonable.

First, Plaintiff has not shown a likelihood of success on the merits because she has not shown how the requested accommodation is necessary (third element). "To prove that an accommodation to [the landlord's policy] was 'necessary,' the [plaintiffs] must establish that, 'but for the accommodation, they likely will be denied an equal opportunity [i.e., equal to the

3 – ORDER

opportunity afforded non-disabled persons] to enjoy the housing of their choice.'" *Id.* (quoting *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003)). "[T]he inquiry is a causal one that 'examines whether the requested accommodation . . . would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive.'" *Id.* (quoting *Anderson v. City of Blue Ash*, 798 F.3d 338, 361 (6th Cir. 2015)). Ninth Circuit cases provide instructive examples. In *Giebeler*, the plaintiff's disability prevented him from working and thus from meeting the landlord's income requirements; plaintiff requested accommodation to allow his mother to co-sign the lease, and the Ninth Circuit found this accommodation necessary. 343 F.3d at 1155–56. In contrast, in *Howard*, the Circuit found that the plaintiffs' requested accommodation to extend a terminated lease due to a medical condition was not "necessary" because there was no evidence that relocation would jeopardize the plaintiff's health or safety and thus there was "no causal link between his disability and the requested accommodation." 988 F.3d at 1191. Similarly, in another case, the Circuit found a child's disability did not necessitate waiving parking fees for the child's babysitter because there was "no evidence explaining why [the babysitter] could not have parked [elsewhere] and still have provided caregiver services" and "no evidence that [babysitter's] car was necessary to provide services for [the child]." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1381 (9th Cir. 1997).

Here, there is no evidence connecting Plaintiff's disability to the requested accommodation. Put differently, Plaintiff does not make any arguments for why free range for Lunar is necessary to afford Plaintiff equal use and enjoyment of the dwelling.[2]

---

[2] To the extent outdoor time for Lunar is important for Lunar's well-being and by extension Lunar's ability to redress Plaintiff's disability, there is no indication why a leash undercuts this purpose of outdoor time.

4 – ORDER

Second, Plaintiff has not shown a likelihood of success on the merits because she has not shown the requested accommodation to be reasonable (fourth element). The reasonable accommodation inquiry is "highly fact-specific, requiring case-by-case determination." *Howard*, 988 F.3d at 1190 (quoting *Dubois*, 453 F.3d at 1179). A plaintiff bears the initial burden to show the reasonableness of a proposed accommodation. *Giebeler*, 343 F.3d at 1156. As a threshold matter, Plaintiff appears to misunderstand the law when she suggests the accommodation is Defendant's rule that Lunar must be "on a leash at all times" and that this is "simply not a reasonable accommodation[.]" Pl.'s Reply 4. Plaintiff has it backwards; the accommodation is what Plaintiff is requesting—that Lunar be allowed to roam without a leash or other means of control—and it is Plaintiff's burden to show an accommodation *is* reasonable. Setting that aside, and acknowledging the limited record and thus not precluding an alternative finding at later stages, the Court does not find Plaintiff's off-leash accommodation request to be reasonable. As a Southern District of California court found in the context of a motion for TRO: the FHA, among other statutes, "does not include a right to *unreasonable* accommodations, such as refusing to keep a service dog under control . . . ." *Roberts v. Veterans Vill. Enters., Inc.*, No. 17cv524-LAB (MDD), 2017 WL 1063477, at *5 (S.D. Cal. Mar. 20, 2017). Similarly, regulations implementing the Americans with Disabilities Act ("ADA")[3] provide that:

> A service animal shall be under the control of its handler. A service animal shall have a harness, leash, or other tether, unless either the handler is unable because of a disability to use a harness, leash, or other tether, or the use of a harness, leash, or other tether would interfere with the service animal's safe, effective performance of work or tasks, in which case the service animal must be otherwise under the handler's control (e.g., voice control, signals, or other effective means).

---

[3] Reasonable accommodation analysis under the FHA follows the same authority as the ADA—"there is no significant difference in the analysis or rights and obligations created by the two Acts." *Giebeler*, 343 F.3d at 1149 (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002)).

5 – ORDER

28 C.F.R. 35.136. As the *Roberts* court concluded, "the rule requiring that service animals be kept under control at all times is a reasonable one. Exempting [the plaintiff] from that rule is not a reasonable accommodation." 2017 WL 1063477, at *5.

## CONCLUSION

Plaintiff's Motion for TRO [4] is DENIED. The Court observes that Plaintiff's right to cure period concluded on July 16, 2026; however, the Court expects that if Plaintiff secures Lunar via a leash or other means while Lunar is outside of the apartment, because such conduct would constitute an 'instant' cure, Defendant would then decline to move forward with eviction proceedings.

The Court SEALS ECF No. 14 pursuant to Federal Rule of Civil Procedure 5.2(a)(2).

IT IS SO ORDERED.

DATED this ___22nd___ day of July, 2026.

AMY M. BAGGIO
United States District Judge

6 – ORDER